UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00170-KDB

| | |
|---|---|
| AJANAKU MURDOCK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU GAMEWELL, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 8], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 6].

## I.  BACKGROUND

Pro se Plaintiff Ajanaku Murdock ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Central Prison in Raleigh, North Carolina. On July 26, 2024, he filed this action pursuant to 42 U.S.C. § 1983, naming as Defendants Nurse Practitioner FNU Gamewell, Neurologist FNU Patel, Nurse Supervisor FNU Chapman, and Nurse FNU Smithey, all identified as employees of the North Carolina Department of Adult Correction (NCDAC). [Doc. 1]. Plaintiff alleged that he has "received mediocre medical care" from Defendants while incarcerated at Alexander Correctional Institution ("Alexander") and that they have failed to treat him "on many occasions," misdiagnosed him, and failed to acknowledge his mental anguish and cognitive decline. [Id. at 2, 4]. Plaintiff claimed that Defendants violated his "right to medical care" and were deliberately indifferent to his serious medical needs. [Id. at 6].

On August 5, 2024, Plaintiff's Complaint failed initial review for his failure to state a claim for relief against any Defendant. [Doc. 7]. The Court noted that Plaintiff's allegations were too vague and conclusory to state any claim for relief and, at best, suggested that "one or more Defendants may have been negligent in their care of Plaintiff and/or that Plaintiff simply disagrees with Defendants over his proper medical care." [Id. at 5]. The Court allowed Plaintiff 30 days to file an amended Complaint properly stating a claim for relief. [Id. at 6].

On September 12, 2024, Plaintiff filed his Amended Complaint in this matter. [Doc. 8; Doc. 8-1 at 4 (attesting to having delivered his Amended Complaint to prison officials for mailing on this date)[1]]. Plaintiff again named Defendants Gamewell, Patel, Smithey, and Chapman as Defendants in this matter. [Doc. 8 at 2-3]. He sues them in their individual capacities only. [Id.]. He alleges as follows.

In or around August 2021 and after, while Plaintiff was housed at Alexander, Defendant Gamewell failed to renew Plaintiff's cane prescription despite his pain issues and refused to give Plaintiff a physical despite being aware of Plaintiff's "health issues and S.S.I. status" prior to his incarceration. [Id. at 5, Doc. 8-1 at 1]. Defendant Patel "refused to hear" Plaintiff on his mental and cognitive issues, including his ability to concentrate and memory loss, and instead focused on his pain. Defendant Patel agreed to see Plaintiff again only if he would "come off [his] severe migraine medicine." Plaintiff agreed and discontinued the medication, despite suffering weekly

---

[1] Plaintiff contends that his Complaint is timely because he had 30 days from his receipt of the Court's Order, which occurred on August 14, 2024, to file his Amended Complaint. This is incorrect. The 30-day period began to run on the day the Court entered the Order, not when Plaintiff received it. The Court afforded the Plaintiff 30 days to amend his Complaint, as opposed to 14 or 21, to account for any potential delays in his receipt of the Court's Order. This is because there is no feasible way for the Court to monitor when a prisoner plaintiff receives its Orders to determine deadlines or the timeliness of such plaintiff's response thereto. Although Plaintiff's Amended Complaint is untimely, the Court will conduct initial review thereof because it is determinative.

2

migraines for months only for Defendant Patel to cancel his appointment and restart his medication. [Doc. 8-1 at 1]. As of his Amended Complaint, Plaintiff had not spoken to her.[2] [Id.]. On or about July 28, 2022, Defendant Chapman refused to give Plaintiff a physical after Plaintiff had gone nine months without recreation or physical therapy for his ankle. [Id. at 2]. Plaintiff had previously written to Defendants Patel and Chapman to request forms and notarized letters to no avail. [Id. at 2]. Defendant Smithey kicked Plaintiff out of "the check up room" without allowing Plaintiff to explain the extent of his injuries and refused to treat him or listen to his complaints. [Id.].

Plaintiff claims Defendants violated his Eighth Amendment rights through cruel and unusual punishment and deliberate indifference. [Id. at 3]. For injuries, Plaintiff alleges that his knees and back have been "giving [him] problems" since Defendant Gamewell refused to renew his cane or give Plaintiff a physical and that he is "constantly injury [his ankle] worse" since his ankle brace was taken by staff and given to medical. [Id. at 5]. Plaintiff seeks monetary relief, including punitive damages. [Id.].

## II.   STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary

---

[2] Plaintiff was transferred to Central Prison before he filed this action. [See Doc. 1 at 7]. It is, therefore, unclear how Dr. Patel could have treated him at Alexander at the time of his Amended Complaint.

relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. Deliberate indifference "entails something more than mere negligence," but does not require actual purposeful intent. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish, 131 F.3d at 1096 (quoting Farmer, 511 U.S. at 837).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Further, the constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Stokes v. Hurdle, 393 F. Supp. 757, 763 (D. Md. 1975), *aff'd*, 535 F.2d 1250 (4th Cir. 1976). Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state a claim for deliberate indifference to his serious medical needs. In large part, Plaintiff's allegations are again too vague and conclusory to state such a claim and fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Plaintiff's vague references to "pain issues" and problems with his ankle and back are insufficient to allege a serious medical need. Moreover, Plaintiff fails to allege facts showing

5

that Defendants were subjectively aware that their alleged refusal to give Plaintiff a physical, renew his cane prescription, or listen to his complaints posed a substantial risk of harm to the Plaintiff. Although Plaintiff's allegations regarding Dr. Patel are more specific, they fall short of deliberate indifference. Plaintiff complains that Dr. Patel wanted to focus on Plaintiff's pain, not his mental and cognitive issues, and that she changed her mind in how to approach treatment of Plaintiff's migraine headaches. As such, while Plaintiff appears to disagree with Defendant Patel over his proper medical care, this does not amount to a constitutional violation redressable under § 1983.

Because Plaintiff has failed to state any claim for relief in his Amended Complaint and additional opportunity to amend would be futile, the Court will dismiss this action with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 8] is **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim for relief.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: September 20, 2024

Kenneth D. Bell
United States District Judge